UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BEATRIZ NIEVES,

    Plaintiff,

v.                                            Case No: 2:14-cv-329-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Beatriz Nieves appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability insurance benefits ("DIB"). For the reasons discussed herein, the decision of the Commissioner is affirmed.

### I.   Issues on Appeal

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") assigned appropriate weight to the opinions of Plaintiff's treating physicians; (2) whether the ALJ's determination that Plaintiff's depression and anxiety are not severe impairments is supported by substantial evidence; and (3) whether the ALJ erred by failing to include nonexertional limitations in Plaintiff's residual functional capacity ("RFC"), and failing to consult a vocational expert ("VE").

### II.   Procedural History and Summary of the ALJ's Decision

On January 27, 2011, Plaintiff filed an application for a period of DIB alleging that she became disabled and unable to work on December 3, 2009. Tr. 109-15. The

Social Security Administration denied her claim initially on February 17, 2011 and upon reconsideration on April 11, 2011. Tr. 76, 77. Plaintiff requested and received a hearing before ALJ Larry J. Butler on August 29, 2012, during which she was represented by an attorney. Tr. 8, 43-67. Plaintiff testified at the hearing.

On April 26, 2013, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim. Tr. 16-26. The ALJ first determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 3, 2009, the alleged onset date ("AOD"). *Id.* At step two, the ALJ determined that Plaintiff has the following severe impairments: persisting vesicovaginal fistula, stress incontinence. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the RFC to perform the full range of light work. *Id.* The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible. Tr. 24. The ALJ then found that Plaintiff was capable of performing her past relevant work ("PRW") as a store manager. Tr. 25. The ALJ also alternatively found that there are other jobs existing in significant numbers in the national economy that Plaintiff

can perform. *Id.* Thus, the ALJ found that Plaintiff is not disabled and denied her claim. Tr. 26.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on May 24, 2014. Tr. 1-6, 8. Accordingly, the ALJ's April 26, 2013 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on June 13, 2014. Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

"The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077,

1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote*, 67 F.3d at 1560 (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

Accordingly, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## IV. Discussion

### a. Whether the ALJ properly considered the opinions Plaintiff's treating psychologist and urologist

Plaintiff first argues that the ALJ erred by according little weight to the opinions of Plaintiff's treating urologist, Dr. Carolyn Langford, and treating psychologist, Kaori Kato-Friess, Ph.D, and instead accorded great weight to the opinion of a state agency medical consultant, Mary Seay, M.D. Doc. 18 at 17-20; see Tr. 481-88 The Commissioner asserts that the ALJ properly determined Dr.

Langford's and Dr. Friess' opinions were entitled to reduced weight, and substantial evidence supports his decision. The Court agrees.

Under the Regulations, opinions of examining sources usually are given more weight than nonexamining source opinions. 20 C.F.R. § 404.1527(c)(1). Examining source opinions are evaluated based upon the degree to which they consider all relevant evidence in the record, including the opinions of other medical sources. 20 C.F.R. § 404.1527(c)(3). By contrast, "because nonexamining sources have no examining or treating relationship with [a plaintiff], the weight [the Social Security Administration] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. § 404.1527(c)(3). Any medical source opinion may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Moreover, opinions on some issues, such as a claimant's ability to work and whether she is disabled, are reserved exclusively for the Commissioner. 20 C.F.R. § 404.1527(d). Opinions on these issues, even when offered by treating physicians, are not entitled to controlling weight. SSR 96-5p.

Plaintiff contends that Dr. Friess' opinion should have been accorded controlling weight, as it is well-supported by her clinical findings; or, if Dr. Friess' opinion is not entitled to controlling weight, it still should have been accorded great weight based on Dr. Friess' status as a treating specialist with a long treatment

relationship with Plaintiff and the absence of any contrary evidence or opinion by another medical specialist. Doc. 18 at 17. In support of her claim that the ALJ improperly accorded Dr. Friess' opinion reduced weight, Plaintiff cites Dr. Friess' findings of depressed and anxious mood and affect, and observations that Plaintiff appeared tired, stressed, anxious, or frustrated. Doc. 18 at 17 (citing Tr. 510, 512-13, 515-16, 679, 688, 697, 702, 707, 711). Plaintiff also contends that results of the Beck Depression Inventory and Taylor Manifest Anxiety Scale tests administered by Dr. Friess, which established moderate to severe depression and higher than average to very high anxiety, support her opinion. Doc. 18 at 17 (citing Tr. 510, 677, 681, 686, 690, 692, 695, 698, 700, 703, 706, 708, 710, 712).

The ALJ explained that he gave little weight to Dr. Friess' opinion that Plaintiff has marked to moderate limitations in activities of daily living and social functioning and signs of anxiety and depression, because it is inconsistent with Dr. Friess' own treatment notes, other treatment notes and Plaintiff's attitude and activities of daily living. Tr. 22. He stated, "Dr. Friess' opinion appears to rely heavily on subjective complaints of the claimant and appears to be a statement of the claimant's reported limitations rather than a medical finding of her mental limitations," and the doctor "reported that he and the claimant filled out the evaluation together." *Id.*

The ALJ noted that Plaintiff did not report any mental problems until after she stopped working, and did not seek any treatment for mental impairments until nearly a year and a half after her AOD. Tr. 21. Plaintiff also reported that her

mood and affect were related to her physical impairments, not mental issues, and that her condition improved with treatment. Tr. 20; Tr. 678-80, 684-713. Plaintiff never reported anxiety or depression to her treating urologist, Dr. Langford, despite undergoing 30 examinations with that doctor; instead, Plaintiff denied anxiety and depression each time. *See* Tr. 284, 287, 290, 301, 304, 308, 319, 322, 325, 330, 335, 340, 346, 349, 355, 362, 365, 370, 373, 391, 424, 431, 490, 526, 611, 627, 637, 654, 668. These denials are noteworthy, as they span the same time period as the Beck Depression Inventory and Taylor Manifest Anxiety Scale tests—which also are based on self-reporting—that suggested Plaintiff was experiencing high levels of depression and anxiety. Tr. 510, 677, 681, 686, 690, 692, 695, 698, 700, 703, 706, 708, 710, 712. Moreover, Plaintiff did not stop working due to any alleged mental impairments, and she failed to provide any evidence, as it is her burden to do, that her depression and anxiety prevent her from working.

    As to Dr. Langford, Plaintiff's treating urologist, Plaintiff asserts that the ALJ should have assigned her opinion greater weight, because Dr. Langford has a years-long treating relationship with Plaintiff and supported her opinion with treatment notes and examination findings. The ALJ considered Dr. Langford's opinion that Plaintiff can only stand and walk for one hour at a time and three hours total during an eight hour workday; sit for one hour at a time and three hours total in an eight hour workday; lift ten pounds occasionally; and only occasionally bend, squat, crawl and climb, but assigned the opinion less weight because it was inconsistent with the

doctor's own treatment records, which fail to mention or reference these limitations. Tr. 24-25; Tr. 503-04.

The ALJ also noted that such limitations are inconsistent with the medical record as a whole, and Plaintiff's reported daily activities. Tr. 25. Plaintiff testified at the hearing that she is able to prepare simple meals, such as salads and sandwiches, and perform some household chores. Tr. 57. Plaintiff also stated that she goes to the grocery store and drives occasionally, although usually not alone. *Id.* Plaintiff also stated that she watches television and reads the news on the computer. Tr. 58. Daily activities are properly considered when evaluating complaints pain, such as Plaintiff's here. *See* Tr. 50; 20 C.F.R. § 404.1529(c)(3)(i). While the performance of everyday tasks cannot be used as the sole evidence to determine that a claimant is not disabled, Plaintiff's participation in such activities supports the ALJ's determination that she is not as limited as alleged. *See, e.g.*, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (noting that the ALJ properly discredited a treating physician's testimony by pointing out the contrasts in the claimants daily activities and the physician's diagnosis); *Wilson v. Barnhart*, 284 F.3d at 1226 (upholding the ALJ's finding that the claimant's allegations of disabling pain were not credible because her daily activities demonstrated otherwise).

The ALJ also noted that after Plaintiff's hysterectomy Dr. Langford repeatedly found that Plaintiff had normal physical examinations, including normal gait and normal musculoskeletal function. Tr. 24; *see* Tr. 284-85, 287, 290-91, 301-02, 308-09, 319, 322-23, 325-26, 330, 335-36, 340-41, 346, 349-50, 355, 362, 370, 373,

380, 420-21, 424-25, 431-32, 490-91, 526-27, 611, 627, 637, 654-55, 668. Treatment records also showed that Plaintiff's condition improved following her surgery, and continued to improve between procedures. Tr. 24; *see* Tr. 372, 379, 334-35, 339-41. The ALJ also noted that Plaintiff's cysts were reduced with treatment, Plaintiff sought treatment intermittently and elected only conservative treatment. Tr. 24. The record in this case also reveals that Plaintiff was unable to return to work not because of any alleged impairments, but because her employer of nearly twenty years closed while she was recovering from her surgery. Tr. 60. Plaintiff testified that he had applied for other jobs while recovering, but received no call backs. *Id.*

Here, the ALJ's opinion sets forth the weight assigned to each of Plaintiff's treating medical sources, and highlights the pertinent medical evidence. The ALJ explained that the limitations identified by Plaintiff's treating doctors were based on Plaintiff's subjective reporting, rather than medical evidence, and inconsistent with Plaintiff's own reports of her daily activities and abilities and other evidence. Under the Regulations, the ALJ therefore could assign Dr. Friess' and Dr. Langford's opinions reduced weight. 20 C.F.R. § 404.1527(c)(3); SSR 96-2p; *Crawford*, 363 F.3d at 1159-60; *Magill v. Comm'r of Soc. Sec.*, 147 Fed. Appx. 92, 94 (11th Cir. 2005) ("[A]n ALJ need not give a treating physician's opinion considerable weight if the applicant's own testimony regarding her daily activities contradicts that opinion.") (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

Upon review of the entire record, the ALJ sufficiently explained his reasons for assigning reduced weight to Plaintiff's treating physicians, and his decision in this

regard is supported by substantial evidence.  Where, as here, "the administrative law judge's articulated reasons for assigning limited weight to a treating physician's opinion are supported by substantial evidence, there is no reversible error."  *Hunter v. Comm'r of Soc. Sec.*, --- Fed. Appx. ----, 2015 WL 1843050, at *3 (11th Cir. Apr. 23, 2015).

### b. *Whether the ALJ properly determined that Plaintiff's depression and anxiety are nonsevere impairments*

Plaintiff also argues that the ALJ's determination that Plaintiff's depression and anxiety are not severe is not supported by substantial evidence in part because the ALJ failed to assign appropriate weight to Dr. Friess' opinion, as discussed *supra*, and because the record demonstrates Plaintiff's depression and anxiety are more than slight abnormalities.  The Commissioner contends that the ALJ did not err by finding Plaintiff's anxiety and depression nonsevere, because he found that Plaintiff had severe impairments at Step 2 and therefore proceeded with the sequential evaluation process.  Doc. 20 at 16.

The Court agrees with the Commissioner.  At the outset, the Court already has determined that the ALJ did not err by assigning reduced weight to the opinion of Dr. Friess, because her opinions were based on Plaintiff's subjective reports, which were inconsistent between her treating physicians during the relevant time period. Moreover, because the ALJ determined that Plaintiff had a severe impairment at Step 2, he proceeded with the evaluation.  Thus, the ALJ's failure to find that depression and anxiety also are severe impairments is not error warranting remand or reversal.

Plaintiff bears the ultimate burden of proving that she is disabled and must furnish medical and other evidence to support such a finding. 42 U.S.C. § 423(d)(5)(a); 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c). Plaintiff has not provided evidence that her anxiety or depression affect her ability to perform basic work activity, and, as the ALJ noted in his opinion, Plaintiff did not complain of or seek treatment for these until well after she stopped working. Accordingly Plaintiff did not satisfy her burden to prove that she had additional severe impairments or limitations beyond those found by the ALJ. The ALJ properly identified Plaintiff's severe impairments at step two in accordance with the regulations and considered the extent to which all of Plaintiff's impairments affect her RFC, as required at step four. Upon review, the ALJ's decision is supported by substantial evidence.

### c. *Whether the ALJ erred by failing to include nonexertional limitations in Plaintiff's RFC and failing to consult a VE*

Finally, Plaintiff contends that the ALJ failed to include frequent breaks due to urinary frequency, depression and anxiety in his RFC determination, and was required to elicit testimony from a VE in light of these nonexertional limitations. The Commissioner asserts that the ALJ was not required to consult a VE, because he properly relied on the Dictionary of Occupational Titles and determined that Plaintiff was capable of performing her PRW as generally performed.

When the ALJ finds that an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ then will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. Tr. 22; 20 C.F.R. § 404.1520(e). Here, the

ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Therefore, the ALJ proceeded to assess and make a finding regarding Plaintiff's RFC.

The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The claimant's age, education and work experience are considered in determining her RFC and whether she can return to her past relevant work, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments. *Phillips*, 357 F.3d at 1238; *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

When determining a claimant's RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions," not just those determined to be severe. 20 C.F.R. § 404.1545(a)(2); SSR 96-8p; *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). The ALJ also is required to consider the combined effects of a claimant's alleged impairments and make specific, well-articulated findings as to the effect of the impairments and whether they result in disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). Moreover, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments

that significantly limit basic work skills." *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985). "It is only when the claimant can clearly do unlimited types of light work that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Thus, "[w]hen a claimant cannot perform a full range of work at a given level of exertion or has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that a claimant can perform other jobs is through the testimony of a VE." *Smith v. Soc. Sec. Admin.*, 272 Fed. Appx. 789, 799-800 (11th Cir. 2008) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). If non-exertional impairments are minor or are found to be not credible, however, exclusive reliance on the grids is appropriate. *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823, 826 (11th Cir. 2010).

Here, the ALJ determined that Plaintiff has the RFC to perform the full range of light work. Tr. 22. In doing so, the ALJ stated that he considered all of Plaintiff's symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence, including opinion evidence, as required by the Regulations. Tr. 23; 20 C.F.R. § 404.1529; SSR 96-2p; SSR 96-5p; SSR 96-6p; SSR 06-3p. The ALJ concluded that Plaintiff is capable of performing her PRW, and as a result the ALJ was not required to consult a VE. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) ("[B]ecause the ALJ concluded that she is capable of performing her past relevant work, testimony from a vocational expert was not necessary."); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (The testimony of

a vocational expert is only required to determine whether the claimant's residual functional capacity permits him to do other work after the claimant has met his initial burden of showing that he cannot do past work); *Hernandez v. Comm'r of Soc. Sec.*, 433 Fed. Appx. 821, 823 (11th Cir. 2011) ("Generally, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work."). The ALJ's failure to consult a VE therefore was not error.

Plaintiff bears the burden of proving that she cannot perform her PRW, and she failed to meet that burden here.[1] In rendering his decision, the ALJ considered all medical evidence of record and properly determined that Plaintiff retained the ability to perform her past PRW and therefore is not disabled. In doing so, the ALJ applied the correct legal standards and the overall record in this case reveals that substantial evidence supports his decision.

## V.  Conclusion

When reviewing the final decision of the Commissioner, the Court does not "reweigh the evidence" or "decide the facts anew" even where the evidence preponderates against the Commissioner's decision. *Winschel*, 631 F.3d at 1178; *Edwards*, 937 F.2d at 584 n.3. Within that framework, upon review of the record as a whole, the Court finds that the ALJ applied the proper legal standards when

---

[1] The ALJ's alternative finding that other jobs existed in the national economy also is supported by substantial evidence. *See* Tr. 25-26. The ALJ properly consulted the Grids, and found that Medical-Vocational Rule 202.18 directs finding that a person of Plaintiff's age, education and work experience who also can perform the full range of light work is not disabled. The ALJ therefore was not required to consult a VE.

determining that Plaintiff is not disabled, and his decision is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record